UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL RISDON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ZACHERY JONES, et al.<br><br>　　　Defendants. | Case No. 4:25-cv-00462-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　Pending before the Court is Plaintiff Michael Risdon's Complaint (Dkt. 1), his Motion for a Preliminary Injunction (Dkt. 2), his Application to Proceed In Forma Pauperis (Dkt. 3), and his Motion for a Temporary Restraining Order (Dkt. 5). His application to proceed in forma pauperis also requests electronic filing privileges (Dkt. 3 at 1). Pursuant to 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Plaintiff's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

　　　For the reasons below, the Court denies Plaintiff's application for leave to proceed in forma pauperis, dismisses his complaint without prejudice, denies his motion for a temporary restraining order, and denies his request for electronic filing access.

**INITIAL REVIEW ORDER - 1**

I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide the "necessities of life" for himself and dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Risdon's in forma pauperis application. Rather than use the standard In Forma Pauperis Application prepared by the Administrative Office of the United States Courts ("AO"), Risdon prepared his own filing attesting to his poverty (Dkt. 3). He states he was last employed on July 1, 2025; he has $20 in his checking account; he owns a vehicle worth $400; and he receives $1,100 a month in income in disability or workers' compensation (Dkt. 3 at 2-3). He reports expenses of $1,600 a month in rent and $50 a month in gas (*id.*). His application, however, lacks other information that the Court should consider when evaluating one's poverty: For example, Risdon does not identify his average monthly income during the last twelve months, including the income he received from his previous job; he does not report his employment history, such as his employers and past gross monthly pay; he does not report how much cash he has on-

hand; he does not report whether he has a spouse or the finances of any spouse; and he does not report any costs for utilities, food, clothing, insurance, or other regular expenses. The AO's standard form requires submission and consideration of this information. Additionally, while he attests to paying $1,600 a month in rent, he provides no explanation for how he affords this rent despite attesting to income below this amount (*id.* at 2-3).

As a result, the Court is unable to determine whether Risdon qualifies to proceed in forma pauperis based on his application because it lacks particularity, definiteness, and certainty. Accordingly, the Court denies his application to proceed in forma pauperis without prejudice. Risdon may resubmit a complete application within twenty-one days of the disposition of this order or pay the full filing fee. The Court advises Risdon to submit an amended application using the AO's standard in pauperis application, which is available here:

https://www.id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm

## II. SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Crotts v. Cnty. of Los Angeles*, 990 F.2d 1256, *1 (9th Cir. 1993) (unpublished table opinion) ("In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be

liberally construed.") (citing *Lopez v. Dep't of Health Servs*, 939 F.2d 881, 882-83) (9th Cir. 1991) (per curiam). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Risdon's complaint must be dismissed because it relies on dubious factual allegations (Dkt. 1). The in forma pauperis statute, 28 U.S.C. § 1915, gives screening judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (a case is frivolous if it is "of little weight or importance: having no basis in law or fact").

Here, Risdon names as defendants several Idaho state prosecutors; state police officials; mental health examiners; SpaceX; and a county parole officer, among several other individuals (Dkt. 1; Dkt. 5) (adding SpaceX, SpaceX officers, and a Bonneville County Parole Officer as defendants). [1] He accuses Defendants of using "directed energy against him," such as "microwave

---

[1]   The Court interprets Risdon's reference to "add or amend defendant list," which he includes in his more recent motion for a temporary restraining order, as a motion to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) (Dkt. 5).

radiation," in an apparent attempt to "annoy, terrify, threaten, intimidate, harass, or offend" him (Dkt. 1 at 3, 6). He claims to be "unusually exposed to electromagnetic energy"; that during his interactions with state and federal authorities, officials would target him with microwaves; and he would occasionally hear voices (*id.* at 7-13, 8) (stating he heard a voice speaking to him through microwaves). He also accuses health professionals and social workers of submitting him to mental health evaluations (Dkt. 1 at 12-13), which appears to be a reference to competency evaluations occurring during his pending state criminal case. *See Idaho v. Risdon*, Case No. CR10-25-03941, Competency Evaluation Report (Bonneville County Magistrate Court Apr. 28, 2025).[2] He accuses these health professionals and social workers of being "fully aware of the presence of disruptive projected energy" and prolonging their mental health evaluations of Risdon, which "constituted reckless disregard" for his rights (*id.* at 11). These allegations regarding microwave radiation appear to be nonsensical, fanciful, and implausible. Moreover, while the Court cannot evaluate Risdon's competency, his allegations regarding microwaves are characteristic of a person experiencing delusions. *See, e.g.*, *Paz v. Ramirez*, No. 1:20-CV-00013-BLW, 2020 WL 1963468, at *3 (D. Idaho Apr. 23, 2020) ("[M]ost of the allegations are nonsensical, fanciful, and implausible . . . [T]he bulk of the allegations in the Complaint . . . demonstrate that Plaintiff is laboring under some type of psychiatric disorder . . . .").

---

Accordingly, the Court will consider Risdon's list of additional defendants, as well as the new allegations he raises in his temporary restraining order, as a part of Risdon's operative complaint.

[2]    Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Idaho state court documents in *Idaho v. Risdon,* Case No. CR10-25-03941, which the Court references in this decision. The documents were located on the State of Idaho's online database, iCourt Portal. *See* Fed. R. Evid. 201(b) (providing for judicial notice of facts not subject to reasonable dispute).

**INITIAL REVIEW ORDER - 5**

Risdon's claims also lack factual support to state a plausible claim for relief. Even a complaint that is not obviously delusional is deficient if it does not state enough facts to allege a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim on which relief can be granted, a plaintiff's complaint must include alleged facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This standard means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.

Here, Risdon alleges he suffers from "burning skin, heating of the body, unusual sweating outside of a reasonable explanation, pressure in the head, pain in the ear canal and threats of violence from an unknown source that could not be recorded by traditional microphones" (Dkt. 1 at 7). Without any plausible explanation, he attributes these injuries to directed energy and/or microwaves. Rather than allege facts that link his injuries to Defendants, Risdon presents a series of cursory allegations that Defendants are the source of the directed energy attacks or are exacerbating his injuries. His more recent temporary restraining order, which adds SpaceX and other parties associated with SpaceX, also lacks any plausible factual content that this Court could use to draw a reasonable inference that links Defendants to the misconduct Risdon alleges (Dkt. 5).

Accordingly, the Court denies Risdon's complaint without prejudice and further denies his motions for a preliminary injunction and temporary restraining order as moot (Dkts. 1, 2, 5).

### III.     REQUEST FOR ELECTRONIC FILING ACCESS

Rule 5(d)(3)(B) of the Federal Rules of Civil Procedure allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. The District of Idaho uses the judiciary's Case Management and Electronic Case Files (CM/ECF) Program. Dist. Idaho Loc. Civ. Rule 5.1(a). Only registered participants may file documents electronically.

While an unrepresented individual may obtain the Court's permission to file submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief. *See, e.g.*, *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming district court's denial of pro se plaintiff's access to CM/ECF because plaintiff did not show good cause).

Here, Risdon has not shown the requisite extenuating circumstances to use CM/ECF rather than the U.S. mail system. He submits only a bare request for CM/ECF access without explanation of any hardship for filing via mail or in person (Dkt. 3 at 1). The Court will therefore deny his request at this time without prejudice.

### IV.     ORDER

**IT IS ORDERED that:**

1.      Plaintiff Michael Risdon's Application for Leave to Proceed In Forma Pauperis (Dkt. 3) is **DENIED WITHOUT PREJUDICE**. Risdon may file an updated in forma pauperis

application that includes credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee, or he may pay the full filing fee. Any future in forma pauperis application must be filed within twenty-one (21) days of the issuance of this Order. Failure to submit an updated application or pay the full filing fee within twenty-one days of this Order will result in dismissal of this case with prejudice and without further notice.

2. Plaintiff Michael Risdon's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE.** Risdon may file an Amended Complaint that corrects the deficiencies the Court has identified in this Order. Risdon must file his Amended Complaint within twenty-one (21) days of the issuance of this Order. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case with prejudice and without further notice.

3. Plaintiff Michael Risdon's Motions for a Preliminary Injunction (Dkt. 2) and Motion for a Temporary Restraining Order (Dkt. 5) are **DENIED AS MOOT.**

4. Michael Risdon's Request for CM/ECF Access (Dkt. 3) is **DENIED.**

DATED: August 27, 2025

Amanda K. Brailsford
U.S. District Court Judge